ACCEPTED
15-24-00057-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/13/2025 4:42 PM
CHRISTOPHER A. PRINE
CLERK

## Wolfgang P. Hirczy de Miño, PhD

wphdmphd@gmail.com

March 13, 2025          *Via Texas eFile & eServe*

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/13/2025 4:42:12 PM
CHRISTOPHER A. PRINE
Clerk

RE: Tex. Case No. 15-24-00057-CV
STYLE: Tarleton State University v. FIRE

## AMICUS SUGGESTION OF MOOTNESS
## AS TO "FINAL RESULTS" OF TITLE IX SEXUAL HARASSMENT INQUEST

Dear Clerk:

While scouring the web for press coverage of this case, I discovered that the assistant professor targeted by FIRE was cleared of sexual harassment charges. The "final results" notification letter is available for download from FIRE's own website.

I further note that in its correspondence to Tarleton, Fire's representative references students' allegations and the professor's firing, but fails to mention the fact that the complaints or grievances were duly investigated and determined to be unfounded. The critical fact – **the actual outcome of the Title IX investigation** – was strategically omitted.



Embedded image excerpt of TITLE IX final results determination re: Professor Landis

A disinterested observer might conclude that the real scandal here is that a professor was sacked (or incentivized with a contract buyout in exchange for a release of *his own legal claims* against the University) after an official investigation determined he had <u>not</u> violated the University's sexual harassment policy and had <u>not</u> created a hostile environment.

FIRE's PIA-related correspondence to Tarleton eschews the outcome as follows:

> "[…] the requests relate to Tarleton State's response to a frivolous litigation threat issued by a former professor, Michael Landis, over student newspaper *Texan News Service*'s coverage of students' allegations that Landis sexually harassed them—allegations that culminated in a recommendation that he be terminated

In any event, whatever the reasons and motives, since FIRE already has in its possession the Title IX final results notification letter (also referred to as "Memorandum"), it does not have an actionable claim against the University under PIA concerning non-release of this document because it is in the public domain. Not only that: it is available online on the organization's own website, along with other documents pertaining to the Title IX matter and related defamation issues. See list with hotlinks appended at the end of this letter.

Stated differently, FIRE's complaint about Tarleton's non-release of this document is moot, and no statutory mandamus can therefore validly issue. The underlying trial court order is accordingly null and void in part without this Court even having to say so.

As for admissibility, I fail to see a problem even on appeal. The disposition letter is admissible against Tarleton because the University created it and because it represents an official report of an investigation conducted pursuant to legal duties under federal statue and associated DOE "Dear Colleague" guidance.[1]

In the unlikely event that the University or FIRE should dispute the final results notice letter's authenticity, the matter can be remanded to the trial court for fact finding. The trial court might then also question whether this lawsuit was brought for an improper purpose, namely, to destroy Landis's academic career with the benefit of judicial proceedings privilege after he was cleared of wrongdoing by

---

[1] See, generally, James T. Koebel, "Campus misconduct proceeding outcome notifications: A Title IX, Clery Act, and FERPA compliance blueprint. 37 Pace L. Rev. 551 (2016).

Tarleton under the applicable university code of conduct and/or other applicable policies.

An interesting question remains: Should Texas courts facilitate scandal mongering via judicial websites as the relevant publication forum that also imbues any proffered libel, denigration, or invasion of privacy with immunity? If so, should the accused, or, as here – the previously-accused and since-cleared faculty member, have a say also? As a matter of fundamental fairness?

In that connection I find it curious that FIRE characterizes a potential defamation suit by Landis as "frivolous" with reference to the Texas statue of limitations. It would seem to me that the obvious cause of action would be breach of the separation agreement that contains the non-disparagement clause in it. Since this is a settlement agreement implicating claims for which the state university's sovereign immunity is waived (namely, Landis's own Title VII and or Title IX claims), the University may very well *not* be immune.[2]

I further note that this notice of resolution concerning the purported sexual harassment ascribed to Landis encompasses all three complaints, including apparently one or two anonymous ones. Facially, this document suggests that the University found it significant that allegations were made regardless of truth or falsity, and regardless of whether the underlying conduct (whatever it was) constituted a violation of any university policy, not to mention a criminal law, and that termination of employment was recommended despite a disposition in favor of the tenure-track faculty member respondent.

I further note that Landis, as part of the bargain, gave up his rights as a tenure-track faculty (a status better than that of at-will adjunct or visiting faculty with at best dubious expectation of continued employment) and his right to sue he university for damages. See, most recently, FASORP v. Northwestern University, Case No. 1:25-cv-01129 (N.D. Ill.),[3] filed February 2025)(alleging rampant discrimination in faculty employment in violation of federal statutes).

If a firing following a determination that no violation of law or policy had occurred doesn't raise eyebrows, I respectfully submit it should. I would be willing to

---

[2] A copy of the separation agreement and release is already before the court.
[3] Complaint at https://fasorp.org/static/fasorp/pdf/NW-Complaint-202502.faae293df18f.pdf.

expend additional remaining life time to elaborate on the topic with citations to literature and legal authorities.

Date: March 13, 2025

Respectfully submitted,

/ s / *Wolfgang P. Hirczy de Miño*

_____

Wolfgang P. Hirczy de Mino, Ph.D.
Email: whdmphd@gmail.com

*Political Scientist, not Attorney at Law*
*Writing as Amicus Curiae*

### TRAP 11 STATEMENT AND CERTIFICATE OF SERVICE

The undersigned amicus curiae is a political scientist by academic training, not an attorney acting in a representational capacity, and hereby certifies that he has authored this amicus letter solely upon his own initiative and is not being paid by any party or nonparty for doing so. Nor has any compensation been promised for submitting this amicus curiae letter. Tex. R. App. P. 11.

All parties to this case are being served through the Texas e-filing system through their respective attorneys.

/ s / *Wolfgang P. Hirczy de Miño*

_____

Wolfgang P. Hirczy de Mino, Ph.D.

# Case Documents

[FIRE Letter to Deputy General Counsel of the Texas A&M University System, November 19, 2021](#)
November 19, 2021
**DOWNLOAD**
[Tarleton State University Memo re: Texan News Service Independence, September 30, 2021](#)
November 19, 2021
**DOWNLOAD**
[Texas A&M System Letter to FIRE, September 30, 2021](#)
September 30, 2021
**DOWNLOAD**
[FIRE Letter to Tarleton State University, August 30, 2021](#)
August 30, 2021
**DOWNLOAD**
[Michael Landis Takedown Notice to Texas News Service, July 27, 2021](#)
July 27, 2021
**DOWNLOAD**
[Tarleton State University Memorandum, March 28, 2018](#)
March 28, 2021
**DOWNLOAD**
[Michael Landis Separation Agreement, September 25, 2018](#)
September 25, 2018

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 98443917
Filing Code Description: Other Document
Filing Description: Amicus Suggestion of Mootness as to "Final Results" of Title IX Sexual Harassment Inquest
Status as of 3/13/2025 5:07 PM CST

Associated Case Party: TARLETON STATE UNIVERSITY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 3/13/2025 4:42:12 PM | SENT |
| Alyssa Bixby-Lawson | | alyssa.bixby-lawson@oag.texas.gov | 3/13/2025 4:42:12 PM | SENT |

Associated Case Party: FIRE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gabriel Walters | | gabe.walters@thefire.org | 3/13/2025 4:42:12 PM | SENT |
| JT Morris | | jt.morris@thefire.org | 3/13/2025 4:42:12 PM | SENT |

Associated Case Party: WolfgangP.Hirczy de Mino

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Wolfgang PHirczy de Mino | | wphdmphd@gmail.com | 3/13/2025 4:42:12 PM | SENT |

Associated Case Party: Member of the Public (MOTP)

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Wolfgang Hirczy de Mino | | wphdmphd@gmail.com | 3/13/2025 4:42:12 PM | SENT |